### In re SHANLEY et al.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

ATTORNEY AND CLIENT—LIABILITIES—PAYMENT TO CLIENT—ORDER.

   An order denying a motion to compel an attorney to pay over moneys collected by him for the petitioners should provide that the order shall not be a bar to any action by them against the attorney to recover the money.

Appeal from Special Term.

In the matter of the application of Owen Shanley and others for an order requiring Patrick A. McManus to pay over moneys received by him belonging to them. From an order (57 Misc. Rep. 8, 107 N. Y. Supp. 913) denying a motion, an appeal was taken.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGH-TON, and SCOTT, JJ.

Lawrence N. Hartin, for appellants.

Edward J. Maxwell, for respondent.

PER CURIAM. The order should be modified so as to provide that said order shall not be a bar to any action commenced by the petitioners against their attorney to recover the money in question. As so modified the order should be affirmed, without costs.

---

## GERMANIA LIFE INS. CO. v. POTTER.

(Supreme Court, Appellate Division, First Department. March 20, 1908.)

TENDER—SUFFICIENCY—CERTIFIED CHECK.

The tender of a certified check in payment of a debt is sufficient, where no objection is made to the form in which the tender is made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Tender, § 29.]

2. EVIDENCE—JUDICIAL NOTICE—FINANCIAL DEPRESSION.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 15.]

3. MORTGAGES—FORECLOSURE—NATURE OF REMEDY.

4. SAME—TAX CLAUSE—BREACH—RIGHT TO FORECLOSE.

A mortgage contained a tax clause, providing that the mortgagor should pay all taxes, and in default thereof the mortgagee might declare the whole principal due and payable forthwith. The mortgagor, relying on the payment of the taxes by a tenant who was bound to pay them under his lease, did not pay them on the first day they fell due. The mortgagee, on the following day, paid the taxes, declared the whole principal due, and on the same day brought suit to foreclose. As soon as the mortgagor discovered the nonpayment of the taxes, but after suit brought, he tendered the amount due with interest and costs of suit. *Held* that, since the default was merely a technical one, equity would not foreclose the mortgage.

5. SAME—DEFENSES.

Laughlin, J., concurs in reversal, but dissents as to disposition of cause.

Appeal from Special Term, New York County.